FILED

**IN THE UNITED STATES DISTRICT COURT** CLERKS OFFICE
**FOR THE DISTRICT OF MASSACHUSETTS**

2004 MAY 21 P 2: 36

U.S. DISTRICT COURT
DISTRICT OF MASS.

BIMAL GHOSE,     RECEIPT # _5614/_
          AMOUNT $ _156.00_
      Plaintiff,     SUMMONS ISSUED _N_
          LOCAL RULE 4.1_____
v.       WAIVER FORM_____
          MCF ISSUED_____
          BY DPTY. CLK. _CM6_
CONTINENTAL CASUALTY COMPANY,     DATE _5-21-04_

      Defendant.

)
)
)
)
)    Case No. _____
)
)    04 11044 RGS
)
)
)
)

MAGISTRATE JUDGE _Dein_

## NOTICE OF REMOVAL

Defendant, Continental Casualty Company ("Defendant" or "CNA"), by its attorneys and

pursuant to 28 U.S.C. §§ 1441 and 1446, hereby notices the removal of the above-entitled action

from the Massachusetts Quincy District Court to the United States District Court for the District

of Massachusetts. In support of this removal notice, Defendant states as follows:

1.    On or about April 30, 2004, Plaintiff Bimal Ghose ("Plaintiff") filed a Complaint

against CNA in the Massachusetts Quincy District Court, entitled Bimal Ghose v. Continental

Casualty Company, Case No. 0456 CV 898. In his Complaint, Plaintiff alleges that CNA

wrongfully failed to pay him disability benefits pursuant to its short term disability plan and/or

long term disability plan. A copy of the summons and Complaint are attached hereto at Tab 1.

2.    Defendant was served with the Complaint on or about May 5, 2004.

### COMPLETE DIVERSITY EXISTS AND THE
### AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

3.    As alleged in the Complaint, Plaintiff is a citizen of Massachusetts. (Complt. ¶

1).

4.    Defendant CNA is organized under the laws of the state of Illinois and maintains

its principal place of business in Illinois.

5.    Given the nature of the claims asserted, as well as Plaintiff's request for attorney's fees, it is Defendant's good faith belief that the amount in controversy exceeds $75,000.

6.    Accordingly, the district court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332.

7.    This case is thus removable pursuant to 28 U.S.C. § 1441(a).

## THIS CASE PRESENTS A FEDERAL QUESTION

8.    Although Plaintiff's action is styled as one for breach of contract, as discussed above, Plaintiff alleges that he was denied benefits pursuant to CNA's short term and/or long term disability plan(s).

9.    CNA's short and long terms disability plans are "employee welfare benefit plans" within the meaning of the Employee Retirement Income Security Act (ERISA or the "Act"), 29 U.S.C. § 1002.  Thus, Plaintiff's claim is governed by ERISA.  Indeed, ERISA completely preempts Plaintiff's breach of contract claim, and Plaintiff may only assert his present claim under that Act.  29 U.S.C. § 1144.

10.    Accordingly, because this case arises under a law of the United States, this Court also has original jurisdiction of this matter pursuant to 28 U.S.C. § 1331.

9.    This case is thus independently removable pursuant to 28 U.S.C. § 1441(a) and (b).

## THE PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

10.    Pursuant to 28 U.S.C. § 1446(a), this removal notice has been signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, and a copy of the Complaint and summons are attached hereto at Tab 1.

11.     Pursuant to 28 U.S.C. § 1446(b), this removal notice has been filed less than 30 days after Defendant's receipt of the Complaint.

12.     Pursuant to 28 U.S.C. § 1446(d), a copy of this notice is being served upon Plaintiff and a copy is being filed with the Clerk of the Massachusetts Quincy District Court.

WHEREFORE, for the foregoing reasons, Defendant Continental Casualty Company respectfully requests that the above-entitled action now pending in the Massachusetts Quincy District Court, be removed to this Court.

Respectfully Submitted,

Robert D. Cultice  (BBO # 108200)
HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
(617) 526-6000
(617) 526-5000 (facsimile)

Allison C. Blakley
Dana B. Gruen
SONNENSCHEIN NATH & ROSENTHAL LLP
8000 Sears Tower
233 S. Wacker Dr.
Chicago, Illinois  60606
(312) 876-8000
(312) 876-7934 (facsimile)

## CERTIFICATE OF SERVICE

The undersigned attorney for Defendant hereby certifies that on May 21, 2004 he served the foregoing **Notice of Removal** upon:

> George G. Burke
> Law Office of George G. Burke
> 339 Hancock Street
> Quincy, Massachusetts 02171

by facsimile and U.S. mail this 21st day of May, 2004.

Robert D. Cultice

11724101v1

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                              **QUINCY DISTRICT COURT**
                                          **DOCKET No.:**

```
BIMAL GHOSE,                    )
        Plaintiff,              )
                                )
    vs.                         )
                                )
CONTINENTAL CASUALTY COMPANY,   )
        Defendant.              )
                                )
```

## COMPLAINT

1.  The Plaintiff is Bimal Ghose of Randolph, Norfolk County, Commonwealth of Massachusetts.

2.  The Defendant is Continental Casualty Company, is a foreign corporation doing business at 1250 Hancock Street, Quincy, Norfolk County, Massachusetts.

## COUNT I
## BREACH OF CONTRACT

3.  Plaintiff repeats and realleges each and every allegation contained in paragraphs one through two as if expressly stated herein.

4.  The Plaintiff, for a period of over sixteen (16) years until February 2004, was an employee of the Defendant, Continental Casualty Company.

5.  The Plaintiff was employed as an underwriter for the Defendant.

6.  By a policy of insurance, all employees of the Defendant, Continental Casualty Company, were eligible for both short-term disability and long-term disability due to accident or illness.

7.  The Plaintiff applied for short-term disability under the plan in September 2003 after the Plaintiff became disabled under the terms of the policy by means of heart problem.

8.  The Plaintiff provided the Defendant with all the proper documents as required by the said plan including a medical report from Plaintiff's doctor as to his disability.

9.  The Defendant refused to grant Plaintiff short-term disability and instead the

Defendant placed the Plaintiff on an unpaid leave of absence from September 1, 2003 until February 18, 2004.

10. Under the terms of the short-term disability policy, the Defendant was required to pay the Plaintiff disability benefits for September 1, 2003 through February 18, 2004.

11. All conditions precedent have been performed by the Plaintiff. Thereafter, the Defendant refused the Plaintiff any and all obligations under the short-term disability policy and refused to pay any insurance benefits thereunder to the Plaintiff and by such denial and refusal, Defendant committed a breach of the policy contract with the Plaintiff and thereby rendered itself liable to the Plaintiff for said breach of contract.

WHEREFORE, Plaintiff demands judgment against the Defendant for a sum to be determined together with interest, attorney's fees and costs.

Respectfully Submitted,
Bimal Ghose,
By his Attorney,

George G. Burke (caf)

George G. Burke
Law Office of George G. Burke
339 Hancock Street
Quincy, Massachusetts 02171
(617) 328-1300
BBO #064940

Dated: April 22, 2004

2

| STATEMENT OF DAMAGES<br>St. 1995, c. 358, ¶ 5 | DATE FILED (to be added by Clerk) | DOCKET NO. (to be added by Clerk) | Trial Court of Massachusetts<br>District Court Department |
|---|---|---|---|

**PLAINTIFF(S)** Bimal Ghose

**DEFENDANT(S)** Continental Casualty Company
Quincy                                    DISTRICT COURT

A. Documented medical expenses to date:
  1. Total hospital expenses: ............................................. $ _____
  2. Total doctor expenses: .............................................. $ _____
  3. Total chiropractic expenses: ........................................ $ _____
  4. Total physical therapy expenses: .................................... $ _____
  5. Total other expenses (Describe): ....................................
  _____ $ _____
                                              SUBTOTAL: $ _____

B. Documented lost wages and compensation to date: $ _____
C. Documented property damages to date: $ _____
D. Reasonably anticipated future medical and hospital expenses: $ _____
E. Reasonably anticipated lost wages: $ _____
F. Other documented items of damage (Describe): _____ $ _____

G. Brief description of Plaintiff's injury, including nature and extent of injury (Describe):
_____
_____
_____

For this form, disregard double or treble damage claims; indicate single damages only.  TOTAL: _____

Provide a detailed description of claim(s): Plaintiff and Defendant
entered into a contract in the year 1998 and
Defendant has since breached contract.                        $ _____
                                           $ _____

For this form, disregard double or treble damage claims; indicate single damages only.  TOTAL: _____

**ATTORNEY FOR PLAINTIFF (OR PRO SE PLAINTIFF)**
Signature
George G. Burke  BBO#940
Printed Name                B.B.O.#
369 Hancock St., Quincy MA
Address                     02171

**DEFENDANT'S NAME AND ADDRESS**
Continental Casualty Co.
CNA Plaza, 9th Fl.
Chicago, Illinois

4/02                                    3/3

# Commonwealth of Massachusetts

## TRIAL COURT OF THE COMMONWEALTH
### DISTRICT COURT DEPARTMENT — QUINCY DIVISION
Dennis F. Ryan Parkway, Quincy, MA 02169
Telephone 471-1650

NORFOLK, SS.

*Bimal Ghose*

vs.

*Continental Casualty Company*

Civil Action No. *0456 CV898*

## SUMMONS
(Rule 4)

To defendant *Continental Casualty Co.* of *1350 Hancock St. Quincy MA*
                        (name)                      (address)

You are hereby summoned and required to serve upon *George G. Burke*, plaintiff('s)
attorney), whose address is *339 Hancock St. Quincy MA 02171*, a copy of your answer to
the complaint which is herewith served upon you, within 20 days after service of this summons, exclusive of the
day of service. You are also required to file your answer to the complaint in the office of the Clerk-Magistrate of
this court either before service upon plaintiff's attorney), or within 5 days thereafter. If you fail to meet the above
requirements, judgment by default may be rendered against you for the relief demanded in the complaint. You
need not appear personally in court to answer the complaint.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you
may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the
plaintiff's claim or you will be barred from making such claim in any other action.

WITNESS, Mark S. Coven, Presiding Justice, on *April 30, 2004*
                                                                                    (date)

                                                                    Clerk - Magistrate

Note: (1) When more than one defendant is involved, the names of all defendants should appear in the action. If a separate summons is
            used for each defendant, each should be addressed to the particular defendant.
        (2) The number assigned to the complaint by the Clerk-Magistrate at commencement of the action should be affixed to this summons before
            it is served.

## RETURN OF SERVICE

On [_____] I served a copy of the within summons, together with a copy of the complaint in
          (date of service)

this action, upon the within named defendant, in the following manner (see Rule 4 (d) (1-5) ):

A TRUE COPY, ATTEST:

DEPUTY SHERIFF

DATE *5-5-04*

_____
(signature)

_____
(name and title)

_____
(address)

Note: (1) The person serving the process shall make proof of service thereof in writing to the court and to the party or his attorney, as
            the case may be, who has requested such service. Proof of service shall be made promptly and in any event within the same time
            during which the person served must respond to the process. Rule 4 (f).
        (2) Please place date you make service on defendant in the box on the copy served on the defendant, on the original returned to the
            court and on the copy returned to the person requesting service or his attorney.
        (3) If service is made at the last and usual place of abode, the officer shall forthwith mail first class a copy of the summons to such last
            and usual place of abode, and shall set forth in the return the date of mailing and the address to which the summons was sent
            (G.L. c. 223, sec. 31).

This form prescribed by the Chief Justice of the District Courts

# CIVIL COVER SHEET

The JS–44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**(a) PLAINTIFFS**

BIMAL GHOSE

**DEFENDANTS**

CONTINENTAL CASUALTY COMPANY

04 11044 RGS

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    Norfolk
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   Illinois
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
George G. Burke, Esq.
Law Office of George G. Burke
339 Hancock Street
Quincy, MA  02171

ATTORNEYS (IF KNOWN)
Robert D. Cultice, Hale and Dorr LLP
60 State Street, Boston, MA  02109
Allison Blakley, Sonnenschein Nath & Rosenthal LLP
233 S. Wacker Drive, Chicago, IL  60606

## . BASIS OF JURISDICTION   (PLACE AN "X" IN ONE BOX ONLY)

1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

2 U.S. Government Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only)                  AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## . ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

1 Original Proceeding

☒ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## . NATURE OF SUIT   (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| 151 Medicare Act | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | | | ☐ 875 Customer Challenge 12 USC 3410 |
| 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| 220 Foreclosure | ☐ 442 Employment / **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 871 IRS — Third Party 26 USC 7609 | |
| 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | ☒ 791 Empl. Ret. Inc. Security Act | | |
| 290 All Other Real Property | ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |

## . CAUSE OF ACTION   (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

29 U.S.C. Sec. 1002  Alleged breach of short-term and/or long-term disability plan

## I. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ YES   ☐ NO

## II. RELATED CASE(S) IF ANY   (See instructions):

JUDGE _____   DOCKET NUMBER _____

ATE
5/21/04

SIGNATURE OF ATTORNEY OF RECORD
_Robert D. Cultice_   Rws

R OFFICE USE ONLY

CEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)_____

   Bimal Ghose v. Continental Casualty Company

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL
   COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   04 11044 RGS

   ___    I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   791    II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
                740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

   ___    III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                380, 385, 450, 891.

   ___    IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                690, 810, 861-865, 870, 871, 875, 900.

   ___    V.    150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE
   HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

   _____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS
   COURT?
                                                    YES          (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE
   PUBLIC INTEREST?  (SEE 28 USC §2403)
                                                    YES          (NO)

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
                                                    YES          NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE
   28 USC §2284?
                                                    YES          (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE
   COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE
   SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
                                                (YES)         (NO)

   A.    IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

         (EASTERN DIVISION)         CENTRAL DIVISION              WESTERN DIVISION

   B.    IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING
         GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

         EASTERN DIVISION           CENTRAL DIVISION              WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Robert D. Cultice
ADDRESS  Hale and Dorr LLP, 60 State Street, Boston, MA 02109
TELEPHONE NO.  (617) 526-6000

(Cover sheet local.wpd - 11/27/00)

# HALE AND DORR LLP

### COUNSELORS AT LAW

**haledorr.com**

60 STATE STREET • BOSTON, MA 02109
617-526-6000 • FAX 617-526-5000

FILED
IN CLERKS OFFICE

2004 MAY 21  P 2 03

RICHARD W O'NEILL
617-526-6497
roneill@haledorr.com

U.S. DISTRICT COURT
DISTRICT OF MASS.

May 21, 2004

**By Hand**

Civil Clerk
U.S. District Court
District of Massachusetts
1 Courthouse Way
Boston, MA  02210

# 04 11044 RGS

Re:    Bimal Ghose v. Continental Casualty Company

Dear Sir or Madam:

I enclose for filing a Notice of Removal for the above-captioned case. Kindly acknowledge receipt and filing of this document by date-stamping the enclosed copy of the document and giving it to our messenger for return to me.

Thank you for your assistance in this matter.

Very truly yours,

Richard W. O'Neill

RWO:rlm
Enclosures
cc: .    George G. Burke, Esq.

BOSTON    LONDON    MUNICH    NEW YORK    OXFORD    PRINCETON    RESTON    WALTHAM    WASHINGTON

*Hale and Dorr LLP is a Massachusetts limited liability partnership. Our London and Oxford offices are operated under a Delaware limited liability partnership.*