# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

CIVIL ACTION NO.: 04-11044-RGS

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| BIMAL GHOSE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CONTINENTAL CASUALTY COMPANY, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S ANSWER TO COMPLAINT

Defendant, Continental Casualty Company ("Defendant" or "CNA"), by its attorneys, Sonnenschein Nath & Rosenthal LLP, and Morrison, Mahoney & Miller, LLP, and pursuant to Rule 8 of the Federal Rules of Civil Procedure, hereby answers Plaintiff's Complaint as follows:

## COMPLAINT PARAGRAPH 1:

The Plaintiff is Bimal Ghose of Randolph, Norfolk County, Commonwealth of Massachusetts.

## ANSWER:

Upon information and belief, Defendant admits the allegations contained in Paragraph 1 of the Complaint.

**COMPLAINT PARAGRAPH 2:**

The Defendant is Continental Casualty Company, is [sic] a foreign corporation doing business at 1250 Hancock Street, Quincy, Norfolk County, Massachusetts.

**ANSWER:**

Defendant admits the allegations contained in Paragraph 2 of the Complaint.

## COUNT I

## BREACH OF CONTRACT

**COMPLAINT PARAGRAPH 3:**

Plaintiff repeats and realleges each and every allegation contained in paragraphs one through two as if expressly stated herein.

**ANSWER:**

Defendant adopts and incorporates herein its answers to Paragraphs 1 and 2 of the Complaint.

**COMPLAINT PARAGRAPH 4:**

The Plaintiff, for a period of over sixteen (16) years until February 2004, was an employee of the Defendant, Continental Casualty Company.

**ANSWER:**

Defendant admits that it employed Plaintiff for over 16 years until his termination on March 12, 2004. Defendant denies each and every remaining allegation contained in Paragraph 4 of the Complaint.

**COMPLAINT PARAGRAPH 5:**

The Plaintiff was employed as an underwriter for the Defendant.

**ANSWER:**

Defendant admits that it employed Plaintiff as a Senior Underwriter and then as an

Underwriting Specialist.

**COMPLAINT PARAGRAPH 6:**

By a policy of insurance, all employees of the Defendant, Continental Casualty

Company, were eligible for both short-term disability and long-term disability due to accident

or illness.

**ANSWER:**

Defendant admits that it maintained an employee welfare benefit plan that provided

certain benefits for eligible employees, including a non-contributory short term disability plan

and a contributory long term disability plan. Defendant further admits that at all times

relevant to this case, disability benefits were administered and paid pursuant to a policy of

insurance.

**COMPLAINT PARAGRAPH 7:**

The Plaintiff applied for short-term disability under the plan in September 2003 after

the Plaintiff became disabled under the terms of the policy by means of heart problem.

**ANSWER:**

Defendant admits on information and belief that Plaintiff applied for short term disability benefits in or around September 2003. Defendant denies each and every remaining allegation contained in Paragraph 7 of the Complaint.

**COMPLAINT PARAGRAPH 8:**

The Plaintiff provided the Defendant with all the proper documents as required by the said plan including a medical report from Plaintiff's doctor as to his disability.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph 8 of the Complaint.

**COMPLAINT PARAGRAPH 9:**

The Defendant refused to grant Plaintiff short-term disability and instead the Defendant placed the Plaintiff on an unpaid leave of absence from September 1, 2003 until February 18, 2004.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph 9 of the Complaint.

**COMPLAINT PARAGRAPH 10:**

Under the terms of the short-term disability policy, the Defendant was required to pay the Plaintiff disability benefits for September 1, 2003 through February 18, 2004.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph 10 of the Complaint.

**COMPLAINT PARAGRAPH 11:**

All conditions precedent have been performed by the Plaintiff. Thereafter, the Defendant refused the Plaintiff any and all obligations under the short-term disability policy and refused to pay any insurance benefits thereunder to the Plaintiff and by such denial and refusal, Defendant committed a breach of the policy contract with the Plaintiff and thereby rendered itself liable to the Plaintiff for said breach of contract.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph 11 of the Complaint.

## AFFIRMATIVE DEFENSES

Pleading further in accordance with Rule 8 of the Federal Rules of Civil Procedure, Defendant states the following as affirmative defenses to the Complaint:

### FIRST DEFENSE

By way of affirmative defense, the Defendant states that this matter is governed by the Employee Retirement Income Security Act of 1974, as amended, 29 US.C. §§ 1001 et seq. (hereinafter "ERISA") and that the Plaintiff's remedies for any alleged act or omission by the

Defendant, if any, are limited solely to those afforded by ERISA §§ 1001 to 1191, and ERISA provides the exclusive remedies in such situations. To the extent Plaintiff brings his claim as one for breach of contract, it is preempted by the Employee Retirement Income Security Act (ERISA), and all ERISA standards apply.

## SECOND DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

## THIRD DEFENSE

Plaintiff's claims fail, in whole or in part, because Plaintiff failed to follow the procedural and/or administrative requirements for the maintenance of a lawsuit under ERISA.

## FOURTH DEFENSE

Plaintiff's claim for damages fails because Plaintiff has failed to mitigate his damages, if any.

## FIFTH DEFENSE

Any damages that Plaintiff has alleged incurred were the result, in whole or in part, of Plaintiff's own actions or inactions, and not as a result of any conduct on the part of Defendant.

## SIXTH DEFENSE

Plaintiff's claims fail because Defendant at all times acted toward Plaintiff in good faith compliance with all applicable benefit plans, insurance policies, and statutory requirements.

## SEVENTH DEFENSE

By way of affirmative defense, the Defendant states that the Plaintiff is not entitled to any recovery in this action. However, in the event that this Court determines that the Plaintiff is entitled to recover, any recovery is subject to all the terms, conditions and limitations of the Plan, including, but not limited to, all offsets provided for thereunder.

WHEREFORE, Defendant Continental Casualty Company requests that Plaintiff's Complaint be dismissed in its entirety, at Plaintiff's cost, and that CNA be granted an award of reasonable attorneys' fees and costs, together with such other and further relief that this Court may deem just and equitable under the circumstances.

Respectfully Submitted,

One of the attorneys for Defendant
Continental Casualty Company, Inc.

Allison C. Blakley
Dana B. Gruen
SONNENSCHEIN NATH & ROSENTHAL LLP
8000 Sears Tower
233 S. Wacker Dr.
Chicago, Illinois 60606
(312) 876-8000
(312) 876-7934 (facsimile)

By: _____
Jean M. Kelley (BBO 265540)
Morrison, Mahoney & Miller, LLP
115 Commonwealth Ave.
Chestnut Hill, MA 02467
617-964-0323
jeanmkelley@comcast.net