IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

2004 JUN 21 P 2: 59

CIVIL ACTION NO.: 04-11044-RGS

U.S. DISTRICT COURT
DISTRICT OF MASS.

BIMAL GHOSE,
    Plaintiff,
v.

CONTINENTAL CASUALTY COMPANY,
    Defendant

### NOTICE OF FILING CERTIFIED COPIES OF STATE COURT RECORDS AND PROCEEDINGS PURSUANT TO LOCAL RULE 81.1

Petitioner-defendant Continental Casualty Company hereby files, pursuant to Local Rule 81.1 (A), the attached certified or attested copies of all records and proceedings in the state court and attached certified or attested copies of all docket entries therein.

                CONTINENTAL CASUALTY COMPANY,
                By its attorneys,

                By: _____
                Jean M. Kelley, BBO #265540

Allison C. Blakley
Dana Gruen
SONNENSCHEIN NATH & ROSENTHAL LLP
8000 Sears Tower
233 S. Wacker Dr.
Chicago, Illinois 60606
(312) 876-8000

MORRISON, MAHONEY & MILLER LLP
115 Commonwealth Ave.
Chestnut Hill, MA 02467
617-964-0323
jeanmkelley@comcast.net

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of June, 2004, I served a copy of the foregoing Notice of Filing Certified Copies of State Court Records and Proceedings Pursuant to Local Rule 81.1 by first-class mail upon the following:

George G. Burke, Esq.
Law Office of George G. Burke
339 Hancock Street
Quincy, MA 02171

_____
Jean M. Kelley

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                                          QUINCY DISTRICT COURT
                                                                      DOCKET NO. 0456 CV 898

| | |
|---|---|
| BIMAL GHOSE, | ) |
| Plaintiff, | ) |
| v. | ) |
| CONTINENTAL CASUALTY COMPANY, | ) |
| Defendant. | ) |

### NOTICE OF FILING OF NOTICE OF REMOVAL

Defendant, Continental Casualty Company ("Defendant" or CNA"), by and through its attorneys, hereby gives notice that it has filed a Notice of Removal in the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. §§ 1441 and 1446. A copy of the Notice of Removal filed with the federal court is attached hereto.

Respectfully Submitted,

Robert D. Cultice (BBO # 108200)
HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
(617) 526-6000
(617) 526-5000 (facsimile)

Allison C. Blakley
Dana B. Gruen
SONNENSCHEIN NATH & ROSENTHAL LLP
8000 Sears Tower
233 S. Wacker Dr.
Chicago, Illinois 60606
(312) 876-8000
(312) 876-7934 (facsimile)

A TRUE COPY ATTEST
ASST. CLERKS MAGISTRATE

## CERTIFICATE OF SERVICE

The undersigned attorney for Defendant hereby certifies that on May 21, 2004 he served the foregoing **Notice of Filing of Notice of Removal** upon:

> George G. Burke
> Law Office of George G. Burke
> 339 Hancock Street
> Quincy, Massachusetts 02171

by facsimile and U.S. mail this 21st day of May, 2004.

*[signature]*
Robert D. Cultice

11724101v1

*[stamp: A TRUE COPY ATTEST / ASST. CLERK'S MAGISTRATE]*

# HALE AND DORR LLP
COUNSELORS AT LAW

haledorr.com
60 STATE STREET • BOSTON, MA 02109
617-526-6000 • FAX 617-526-5000

RICHARD W. O'NEILL

617-526-6497
richard.o'neill@haledorr.com

May 21, 2004

**By Hand**

Civil Clerk
U.S. District Court
District of Massachusetts
1 Courthouse Way
Boston, MA 02210

Re:   <u>Bimal Ghose v. Continental Casualty Company</u>

Dear Sir or Madam:

I enclose for filing a Notice of Removal for the above-captioned case. Kindly acknowledge receipt and filing of this document by date-stamping the enclosed copy of the document and giving it to our messenger for return to me.

Thank you for your assistance in this matter.

Very truly yours,

Richard W. O'Neill

RWO:rlm
Enclosures
cc:   George G. Burke, Esq.

A TRUE COPY ATTEST
[signature]
ASST. CLERKS MAGISTRATE

BOSTON   LONDON   MUNICH   NEW YORK   OXFORD   PRINCETON   RESTON   WALTHAM   WASHINGTON

*Hale and Dorr LLP is a Massachusetts limited liability partnership. Our London and Oxford offices are operated under a Delaware limited liability partnership.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BIMAL GHOSE,          )<br>                                     )<br>      Plaintiff,      )<br>                                     )<br>v.                                )<br>                                     )<br>CONTINENTAL CASUALTY COMPANY,  )<br>                                   )<br>      Defendant.     )| Case No. _____ |

## NOTICE OF REMOVAL

Defendant, Continental Casualty Company ("Defendant" or "CNA"), by its attorneys and pursuant to 28 U.S.C. §§ 1441 and 1446, hereby notices the removal of the above-entitled action from the Massachusetts Quincy District Court to the United States District Court for the District of Massachusetts. In support of this removal notice, Defendant states as follows:

1.      On or about April 30, 2004, Plaintiff Bimal Ghose ("Plaintiff") filed a Complaint against CNA in the Massachusetts Quincy District Court, entitled <u>Bimal Ghose v. Continental Casualty Company</u>, Case No. 0456 CV 898. In his Complaint, Plaintiff alleges that CNA wrongfully failed to pay him disability benefits pursuant to its short term disability plan and/or long term disability plan. A copy of the summons and Complaint are attached hereto at Tab 1.

2.      Defendant was served with the Complaint on or about May 5, 2004.

### COMPLETE DIVERSITY EXISTS AND THE
### AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

3.      As alleged in the Complaint, Plaintiff is a citizen of Massachusetts. (Complt. ¶ 1).

4.      Defendant CNA is organized under the laws of the state of Illinois and maintains its principal place of business in Illinois.



A TRUE COPY ATTEST
Maurice P. Horrington(?)
ASST. CLERKS MAGISTRATE

5.   Given the nature of the claims asserted, as well as Plaintiff's request for attorney's fees, it is Defendant's good faith belief that the amount in controversy exceeds $75,000.

6.   Accordingly, the district court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332.

7.   This case is thus removable pursuant to 28 U.S.C. § 1441(a).

### THIS CASE PRESENTS A FEDERAL QUESTION

8.   Although Plaintiff's action is styled as one for breach of contract, as discussed above, Plaintiff alleges that he was denied benefits pursuant to CNA's short term and/or long term disability plan(s).

9.   CNA's short and long terms disability plans are "employee welfare benefit plans" within the meaning of the Employee Retirement Income Security Act (ERISA or the "Act"), 29 U.S.C. § 1002. Thus, Plaintiff's claim is governed by ERISA. Indeed, ERISA completely preempts Plaintiff's breach of contract claim, and Plaintiff may only assert his present claim under that Act. 29 U.S.C. § 1144.

10.   Accordingly, because this case arises under a law of the United States, this Court also has original jurisdiction of this matter pursuant to 28 U.S.C. § 1331.

9.   This case is thus independently removable pursuant to 28 U.S.C. § 1441(a) and (b).

### THE PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

10.   Pursuant to 28 U.S.C. § 1446(a), this removal notice has been signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, and a copy of the Complaint and summons are attached hereto at Tab 1.

A TRUE COPY ATTEST
*[signature]*
ASST. CLERKS MAGISTRATE

11. Pursuant to 28 U.S.C. § 1446(b), this removal notice has been filed less than 30 days after Defendant's receipt of the Complaint.

12. Pursuant to 28 U.S.C. § 1446(d), a copy of this notice is being served upon Plaintiff and a copy is being filed with the Clerk of the Massachusetts Quincy District Court.

WHEREFORE, for the foregoing reasons, Defendant Continental Casualty Company respectfully requests that the above-entitled action now pending in the Massachusetts Quincy District Court, be removed to this Court.

Respectfully Submitted,

Robert D. Cultice (BBO # 108200)
HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
(617) 526-6000
(617) 526-5000 (facsimile)

Allison C. Blakley
Dana B. Gruen
SONNENSCHEIN NATH & ROSENTHAL LLP
8000 Sears Tower
233 S. Wacker Dr.
Chicago, Illinois 60606
(312) 876-8000
(312) 876-7934 (facsimile)

A TRUE COPY ATTEST
ASST. CLERKS MAGISTRATE

## CERTIFICATE OF SERVICE

The undersigned attorney for Defendant hereby certifies that on May 21, 2004 he served the foregoing **Notice of Removal** upon:

> George G. Burke
> Law Office of George G. Burke
> 339 Hancock Street
> Quincy, Massachusetts 02171

by facsimile and U.S. mail this 21st day of May, 2004.

*Robert D. Cultice*

11724101v1

A TRUE COPY ATTEST
[signature]
ASST. CLERK/MAGISTRATE

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                    QUINCY DISTRICT COURT
                                                DOCKET No.:

BIMAL GHOSE,  )
   Plaintiff, )
              )
vs.           )
              )
CONTINENTAL CASUALTY COMPANY, )
   Defendant. )

## COMPLAINT

1. The Plaintiff is Bimal Ghose of Randolph, Norfolk County, Commonwealth of Massachusetts.

2. The Defendant is Continental Casualty Company, is a foreign corporation doing business at 1250 Hancock Street, Quincy, Norfolk County, Massachusetts.

## COUNT I
## BREACH OF CONTRACT

3. Plaintiff repeats and realleges each and every allegation contained in paragraphs one through two as if expressly stated herein.

4. The Plaintiff, for a period of over sixteen (16) years until February 2004, was an employee of the Defendant, Continental Casualty Company.

5. The Plaintiff was employed as an underwriter for the Defendant.

6. By a policy of insurance, all employees of the Defendant, Continental Casualty Company, were eligible for both short-term disability and long-term disability due to accident or illness.

7. The Plaintiff applied for short-term disability under the plan in September 2003 after the Plaintiff became disabled under the terms of the policy by means of heart problem.

8. The Plaintiff provided the Defendant with all the proper documents as required by the said plan including a medical report from Plaintiff's doctor as to his disability.

9. The Defendant refused to grant Plaintiff short-term disability and instead the

A TRUE COPY ATTEST
*[signature]*
ASST. CLERKS MAGISTRATE

Defendant placed the Plaintiff on an unpaid leave of absence from September 1, 2003 until February 18, 2004.

10. Under the terms of the short-term disability policy, the Defendant was required to pay the Plaintiff disability benefits for September 1, 2003 through February 18, 2004.

11. All conditions precedent have been performed by the Plaintiff. Thereafter, the Defendant refused the Plaintiff any and all obligations under the short-term disability policy and refused to pay any insurance benefits thereunder to the Plaintiff and by such denial and refusal, Defendant committed a breach of the policy contract with the Plaintiff and thereby rendered itself liable to the Plaintiff for said breach of contract.

WHEREFORE, Plaintiff demands judgment against the Defendant for a sum to be determined together with interest, attorney's fees and costs.

Respectfully Submitted,
Bimal Ghose,
By his Attorney,

*George G. Burke*

George G. Burke
Law Office of George G. Burke
339 Hancock Street
Quincy, Massachusetts 02171
(617) 328-1300
BBO #064940

Dated: April 22, 2004

A TRUE COPY ATTEST
*[signature]*
ASST. CLERKS MAGISTRATE

2

MAY.MAY.19.2004 3:26PM  RSKCNA/DIRECT BILL                                        NO. NO. 429 P. P.5/5

| STATEMENT OF DAMAGES<br>St. 1986, c. 358, § 5 | DATE FILED (to be added by Clerk) | DOCKET NO. (to be added by Clerk) | Trial Court of Massachusetts<br>District Court Department |
|---|---|---|---|

PLAINTIFF(S): Bimal Ghose

DEFENDANT(S): Continental Casualty Company

_____ Quincy _____ DISTRICT COURT

A. Documented medical expenses to date:
  1. Total hospital expenses: ............................................................. $ _____
  2. Total doctor expenses: .............................................................. $ _____
  3. Total chiropractic expenses: ....................................................... $ _____
  4. Total physical therapy expenses: ................................................ $ _____
  5. Total other expenses (Describe): _____  $ _____

                                                                    SUBTOTAL:  $ _____

B. Documented lost wages and compensation to date: ....................... $ _____
C. Documented property damages to date: ...................................... $ _____
D. Reasonably anticipated future medical and hospital expenses: ...... $ _____
E. Reasonably anticipated lost wages: ............................................. $ _____
F. Other documented items of damage (Describe): _____ $ _____

G. Brief description of Plaintiff's injury, including nature and extent of injury (Describe):
_____
_____
_____

For this form, disregard double or treble damage claims; indicate single damages only.   TOTAL:

Provide a detailed description of claim(s): Plaintiff and Defendant entered into a contract in the years 1998 and Defendant has since breached contract.

For this form, disregard double or treble damage claims; indicate single damages only.   TOTAL:

ATTORNEY FOR PLAINTIFF (OR PRO SE PLAINTIFF):

Signature: [signed]            Date: 4/20/2004
Print or Type Name: George G. Burke    B.B.O.#: 064940
Address: 389 _____

DEFENDANT'S NAME AND ADDRESS:
Continental Casualty Co.
CNA Plaza, 9th Fl.
Chicago, Illinois

A TRUE COPY
[signed] Maurice K. Donovan
ASST. CLERKS MAGISTRATE

MAY. MAY. 19, 2004 3, 3:25PM RSKCNA/D....CT BILL                                    NO. NO. 429 P. P.2/5

# Commonwealth of Massachusetts
### TRIAL COURT OF THE COMMONWEALTH
### DISTRICT COURT DEPARTMENT — QUINCY DIVISION
Dennis F. Ryan Parkway, Quincy, MA 02169
Telephone 471-1650

NORFOLK, SS.

Bimal Ghose
vs.
Continental Casualty Company

Civil Action No. 0456 CV898

## SUMMONS
(Rule 4)

To defendant **Continental Casualty Co.** of **1350 Hancock St Quincy MA**
(name) (address)

You are hereby summoned and required to serve upon **George G. Burke**, plaintiff's attorney, whose address is **339 Hancock St. Quincy MA 02171**, a copy of your answer to the complaint which is herewith served upon you, within 20 days after service of this summons, exclusive of the day of service. You are also required to file your answer to the complaint in the office of the Clerk-Magistrate of this court either before service upon plaintiff's attorney, or within 5 days thereafter. If you fail to meet the above requirements, judgment by default may be rendered against you for the relief demanded in the complaint. You need not appear personally in court to answer the complaint.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will be barred from making such claim in any other action.

WITNESS, Mark S. Coven, Presiding Justice, on **April 30, 2004**.

Clerk - Magistrate

Note:
(1) When more than one defendant is involved, the names of all defendants should appear in the action. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
(2) The number assigned to the complaint by the Clerk-Magistrate at commencement of the action should be affixed to this summons before it is served.

### RETURN OF SERVICE

On _____ (date of service) I served a copy of the within summons, together with a copy of the complaint in this action, upon the within named defendant, in the following manner (see Rule 4 (d) (1-5)):

A TRUE COPY, ATTEST:

DEPUTY SHERIFF
DATE 5-5-04

A TRUE COPY ATTEST
Maurice R. _____
ASST. CLERKS MAGISTRATE

Note:
(1) The person serving the process shall make proof of service thereof in writing to the court and to the party or his attorney, as the case may be, who has requested such service. Proof of service shall be made promptly and in any event within the same time during which the person served must respond to the process. Rule 4 (f).
(2) Please place date you make service on defendant in the box on the copy served on the defendant, on the original returned to the court and on the copy returned to the person requesting service or his attorney.
(3) If service is made at the last and usual place of abode, the officer shall forthwith mail first class a copy of the summons to such last and usual place of abode, and shall set forth in the return the date of mailing and the address to which the summons was sent (G.L. c. 223, se. 31).

This form prescribed by the Chief Justice of the District Courts

# HALE AND DORR LLP
COUNSELORS AT LAW

**haledorr.com**
60 STATE STREET • BOSTON, MA 02109
617-526-6000 • FAX 617-526-5000

RICHARD W. O'NEILL

617-526-6497
richard.o'neill@haledorr.com

May 21, 2004

**By Hand**

Civil Clerk
Quincy District Court
One Dennis Ryan Parkway
Quincy, MA 02169

    Re:    *Bimal Ghose v. Continental Casualty Company*
             Docket No. 0456 CV 898

Dear Sir or Madam:

    I enclose for filing in the above-captioned case a Notice of Filing of Notice of Removal. Kindly acknowledge receipt and filing of this document by date-stamping the enclosed copy of the document and giving it to our messenger for return to me.

    Thank you for your assistance in this matter.

                                              Very truly yours,

                                              Richard W. O'Neill

RWO:rlm
Enclosures
cc:    George G. Burke, Esq.

A TRUE COPY ATTEST
*[signature]*
ASST. CLERKS MAGISTRATE

BOSTON    LONDON    MUNICH    NEW YORK    OXFORD    PRINCETON    RESTON    WALTHAM    WASHINGTON

*Hale and Dorr LLP is a Massachusetts limited liability partnership. Our London and Oxford offices are operated under a Delaware limited liability partnership.*

# Commonwealth of Massachusetts

## TRIAL COURT OF THE COMMONWEALTH
### DISTRICT COURT DEPARTMENT — QUINCY DIVISION
Dennis F. Ryan Parkway, Quincy, MA 02169
Telephone 471-1650

NORFOLK, SS.

Bimal Ghose
vs.
Continental Casualty Company

Civil Action No. 0456 CV898

### SUMMONS
(Rule 4)

To defendant __Continental Casualty Co.__ of __1250 Hancock St. Quincy MA__
           (name)                                                      (address)

You are hereby summoned and required to serve upon __George G. Burke__, plaintiff('s attorney), whose address is __339 Hancock St., Quincy MA 02171__, a copy of your answer to the complaint which is herewith served upon you, within 20 days after service of this summons, exclusive of the day of service. You are also required to file your answer to the complaint in the office of the Clerk-Magistrate of this court either before service upon plaintiff('s attorney), or within 5 days thereafter. If you fail to meet the above requirements, judgment by default may be rendered against you for the relief demanded in the complaint. You need not appear personally in court to answer the complaint.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will be barred from making such claim in any other action.

WITNESS __Mark S. Coven__, Presiding Justice, on __April 30, 2004__.
                                                               (date)

(SEAL)

_____
Clerk - Magistrate

Note: (1) When more than one defendant is involved, the names of all defendants should appear in the action. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
(2) The number assigned to the complaint by the Clerk-Magistrate at commencement of the action should be affixed to this summons before it is served.

### RETURN OF SERVICE

On _____, I served a copy of the within summons, together with a copy of the complaint in
    (date of service)

this action, upon the within named defendant, in the following manner (see Rule 4 (d) (1-5) ) :

A TRUE COPY ATTEST
_[signature]_
ASST. CLERKS MAGISTRATE

_____
(signature)

_____
(name and title)

_____
(address)

Note: (1) The person serving the process shall make proof of service thereof in writing to the court and to the party or his attorney, as the case may be, who has requested such service. Proof of service shall be made promptly and in any event within the same time during which the person served must respond to the process. Rule 4 (f).
(2) Please place date you make service on defendant in the box on the copy served on the defendant, on the original returned to the court and on the copy returned to the person requesting service or his attorney.
(3) If service is made at the last and usual place of abode, the officer shall forthwith mail first class a copy of the summons to such last and usual place of abode, and shall set forth in the return the date of mailing and the address to which the summons was sent (G.L. c. 223, sec. 31).

This form prescribed by the Chief Justice of the District Courts

# LAW OFFICES
## OF
# GEORGE G. BURKE

**GEORGE G. BURKE**
**JEFFREY C. LaPOINTE**
**KEITH J. McCRAY**

**DEBRA A. GIANNOTTI**
**PARALEGAL**

339 HANCOCK STREET
QUINCY, MASSACHUSETTS 02171
(617) 328-1300
TELECOPIER (617) 472-7953

April 30, 2004

Quincy District Court
Dennis F. Ryan Parkway
Quincy, MA  02169

RE:   *Bimal Ghose vs. Continental Casualty Company*
      *Docket No.:0456CV8987*

Dear Sir/Madam:

Pursuant to M.R.C.P. 15 (a), please find enclosed Plaintiff's Amended Statement of Damages. Kindly file in the normal course.

Thank you.

Yours truly,

*[signature]*
George G. Burke

*A TRUE COPY ATTEST*
*[signature]*
ASST. CLERKS MAGISTRATE

GGB/kaj
Enclosure

*Ghose\CrtLtr.AmendedStmt.043004*

| STATEMENT OF DAMAGES<br>St. 1996, c. 358, § 5 | DATE FILED *(to be added by Clerk)* | DOCKET NO. *(to be added by Clerk)* | Trial Court of Massachusetts<br>District Court Department |
|---|---|---|---|
| PLAINTIFF(S): Bimal Ghose | | DEFENDANT(S): Continental Casualty Company | |
| INSTRUCTIONS: THIS FORM MUST BE COMPLETED AND FILED WITH THE COMPLAINT OR OTHER INITIAL PLEADING IN ALL DISTRICT COURT CIVIL ACTIONS SEEKING MONEY DAMAGES IN BARNSTABLE, BERKSHIRE, BRISTOL, DUKES, ESSEX, FRANKLIN, HAMPDEN, HAMPSHIRE, MIDDLESEX, NANTUCKET AND NORFOLK COUNTIES. | | Quincy DISTRICT COURT | |

**TORT CLAIMS** — AMOUNT

A. Documented medical expenses to date:
   1. Total hospital expenses: $ _____
   2. Total doctor expenses: $ _____
   3. Total chiropractic expenses: $ _____
   4. Total physical therapy expenses: $ _____
   5. Total other expenses *(Describe)*: _____ $ _____

   SUBTOTAL: $ _____

B. Documented lost wages and compensation to date: $ _____
C. Documented property damages to date: $ _____
D. Reasonably anticipated future medical and hospital expenses: $ _____
E. Reasonably anticipated lost wages: $ _____
F. Other documented items of damage *(Describe)*: $ _____

G. Brief description of Plaintiff's injury, including nature and extent of injury *(Describe)*:

*A TRUE COPY ATTEST*
*Maurice R. Donigan*
*ASST. CLERK'S MAGISTRATE*

For this form, disregard double or treble damage claims; indicate single damages only.    TOTAL: $

**CONTRACT CLAIMS** — AMOUNT

Provide a detailed description of claim(s): Plaintiff and Defendant entered into a contract in the year of 1988 and Defendant has since breached contract.

$ _____
$ _____
$ _____

For this form, disregard double or treble damage claims; indicate single damages only.    TOTAL: $ 1009.62

ATTORNEY FOR PLAINTIFF (OR PRO SE PLAINTIFF):
Signature: [signed] 4-23-04
Print or Type Name: George G. Burke    B.B.O.# 064940
Address: 339 Hancock St. Quincy MA 02171

DEFENDANT'S NAME AND ADDRESS:
Continental Casualty Co.
CNA Plaza, 9th Floor
Chicago, Illinois

4/02

33

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                              QUINCY DISTRICT COURT
                                                          DOCKET No.:
                                                          04 CV 898

_____
BIMAL GHOSE,                        )
       Plaintiff,                   )
                                    )
vs.                                 )
                                    )
CONTINENTAL CASUALTY COMPANY,       )
       Defendant.                   )
                                    )
_____)

## COMPLAINT

1.  The Plaintiff is Bimal Ghose of Randolph, Norfolk County, Commonwealth of Massachusetts.

2.  The Defendant is Continental Casualty Company, is a foreign corporation doing business at 1250 Hancock Street, Quincy, Norfolk County, Massachusetts.

## COUNT I
## BREACH OF CONTRACT

3.  Plaintiff repeats and realleges each and every allegation contained in paragraphs one through two as if expressly stated herein.

4.  The Plaintiff, for a period of over sixteen (16) years until February 2004, was an employee of the Defendant, Continental Casualty Company.

5.  The Plaintiff was employed as an underwriter for the Defendant.

6.  By a policy of insurance, all employees of the Defendant, Continental Casualty Company, were eligible for both short-term disability and long-term disability due to accident or illness.

7.  The Plaintiff applied for short-term disability under the plan in September 2003 after the Plaintiff became disabled under the terms of the policy by means of heart problem.

8.  The Plaintiff provided the Defendant with all the proper documents as required by the said plan including a medical report from Plaintiff's doctor as to his disability.

9.  The Defendant refused to grant Plaintiff short-term disability and instead the

1

Defendant placed the Plaintiff on an unpaid leave of absence from September 1, 2003 until February 18, 2004.

10. Under the terms of the short-term disability policy, the Defendant was required to pay the Plaintiff disability benefits for September 1, 2003 through February 18, 2004.

11. All conditions precedent have been performed by the Plaintiff. Thereafter, the Defendant refused the Plaintiff any and all obligations under the short-term disability policy and refused to pay any insurance benefits thereunder to the Plaintiff and by such denial and refusal, Defendant committed a breach of the policy contract with the Plaintiff and thereby rendered itself liable to the Plaintiff for said breach of contract.

WHEREFORE, Plaintiff demands judgment against the Defendant for a sum to be determined together with interest, attorney's fees and costs.

Respectfully Submitted,
Bimal Ghose,
By his Attorney,

George G. Burke
Law Office of George G. Burke
339 Hancock Street
Quincy, Massachusetts 02171
(617) 328-1300
BBO #064940

Dated: April 22, 2004

A TRUE COPY ATTEST
ASST. CLERKS MAGISTRATE

2

| STATEMENT OF DAMAGES<br>St. 1996, c. 358, § 5 | DATE FILED (to be added by Clerk) | DOCKET NO. (to be added by Clerk)<br>04CV898 | Trial Court of Massachusetts<br>District Court Department |
|---|---|---|---|
| PLAINTIFF(S)<br>Bimal Ghose | | DEFENDANT(S)<br>Continental Casualty Company<br>Quincy _____ DISTRICT COURT | |
| INSTRUCTIONS: THIS FORM MUST BE COMPLETED AND FILED WITH THE COMPLAINT OR OTHER INITIAL PLEADING IN ALL DISTRICT COURT CIVIL ACTIONS SEEKING MONEY DAMAGES IN BARNSTABLE, BERKSHIRE, BRISTOL, DUKES, ESSEX, FRANKLIN, HAMPDEN, HAMPSHIRE, MIDDLESEX, NANTUCKET AND NORFOLK COUNTIES | | | |

### TORT CLAIMS | AMOUNT

A. Documented medical expenses to date:
  1. Total hospital expenses: .................................................. $ _____
  2. Total doctor expenses: ..................................................... $ _____
  3. Total chiropractic expenses: ............................................ $ _____
  4. Total physical therapy expenses: ..................................... $ _____
  5. Total other expenses (Describe): _____
  _____
                                                                  SUBTOTAL:  $ _____

B. Documented lost wages and compensation to date: ........... $ _____
C. Documented property damages to date: ............................. $ _____
D. Reasonably anticipated future medical and hospital expenses: ..... $ _____
E. Reasonably anticipated lost wages: .................................... $ _____
F. Other documented items of damage (Describe): _____ $ _____

G. Brief description of Plaintiff's injury, including nature and extent of injury (Describe):
_____
_____
_____

For this form, disregard double or treble damage claims; indicate single damages only.   **TOTAL:** $ _____

### CONTRACT CLAIMS | AMOUNT

Provide a detailed description of claim(s): Plaintiff and Defendant entered into a contract in the year 1998 and Defendant has since breached contract.

$ _____
$ _____
$ _____

For this form, disregard double or treble damage claims; indicate single damages only.   **TOTAL:** $ 22,211.00

ATTORNEY FOR PLAINTIFF (OR PRO SE PLAINTIFF):
Signature: [signed]  Date: 4-20-2004
Print or Type Name: George G. Burke   B.B.O.#: 064940
Address: 339 Hancock St, Quincy MA 02171

DEFENDANT'S NAME AND ADDRESS:
Continental Casualty Co.
CNA Plaza, 9th Fl
Chicago, Illinois

4/02

[stamp: A TRUE COPY / ATTEST / Maurice P. Horgan / ASST. CLERK MAGISTRATE]
33