IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BIMAL GHOSE, ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 04-11044-RGS |
| ) | |
| CONTINENTAL CASUALTY ) | |
| COMPANY, ) | |
| Defendant. ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT
OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

The Plaintiff, Bimal Ghose, by his attorney, Jeffrey C. LaPointe, Law Office of George G. Burke and pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1, busmits its Memorandum of Law in Support of its Motion for Summary Judgment.

**STANDARD OF REVIEW**

The sole issue presented to this Honorable Court is whether the Defendant, Continental Casualty Company, in administering its short term disability plan through a Plan Administrator wrongfully denied the Plaintiff, Bimal Ghose, short term disability benefits from September 3, 2003 to February 28, 2004. The standard of review under 29 U.S.C. § 1001 et seq (ERISA) is that the denial of the short term benefits cannot be arbitrary and capricious.

The Defendant's decision to deny the Plaintiff short term disability records was unreasonable and not at all supported by the record and therefore, this Honorable Court should overrule the decision of the Plan Administrator of CNA and grant summary to the Plaintiff, Bimal Ghose.

Under the Short Term Disability Plan provided to its employees by the Defendant, the Plaintiff must be receiving appropriate and regular care from a legally qualified doctor working with his or her expertise and also furnish proof of the employee's disability to the Plan Administrator Maitland.

Under the plan, Disabled or Disability means that injury or sickness causes physical or mental impairment to such a degree of severity that the employee is:

1

1. Continuously unable to perform the material and substantial duties of the covered Employee's Regular Occupations; and
2. Not working for wages in any occupation for which the Employee is or becomes qualified by education, training or experience.

## HISTORY OF PLAINTIFF'S CLAIM FOR SHORT TERM DISABILITY

Plaintiff on September 17, 2003 provided information under the Plaintiff's Short Term Disability Plan to Randolph Gregson, an employee of the Defendant in the Plan Administrator's Office in Maitland, Florida (Record Ghose 0232).

Plaintiff was denied benefits by the Defendant, CNA Maitland Disability Claims Unit on November 6, 2003 and Plaintiff applied for reconsideration, which was denied on December 18, 2004. On January 20, 2004, the appeals committee denied the Plaintiff short term disability benefits.

The Plaintiff attempted to return to work on February 28, 2004, but Plaintiff was terminated by the Defendant, CNA from his employment.

The Plaintiff was given a series of leave without pay by CNA during the time period that the Maitland Unit was reviewing his claim.

Under the integrated plan of the Defendant, CNA, the Plaintiff could not be terminated if he was on short term disability but Plaintiff could be terminated if he was placed on leave without pay.

## ARGUMENT

The Plaintiff must demonstrate under the standard of review that the Defendant's Plan Administrator decision was not arbitrary and capricious. The Plan Administrator decision will only be upheld if it's with his or her authority, reasoned and supported by substantial evidence in the record.

The Plaintiff states that the record is barren of evidence that the Plaintiff could perform the continuous and substantial duties of the Plaintiff's regular occupation. The record is clear that the following medical doctors all opined that the Plaintiff was unable to work or to substantially perform his duties for the time period of September 17, 2003 through February 28, 2004: Dr. Tsang, Dr. Michna, Dr. Moihajer, and Dr. Come as well as the Plaintiff's physical therapist.

The Plan Administrator was aware that the Plaintiff had been placed on an action plan for failing to perform his duties as an underwriter. The Plan Administrator rejects without any contrary medical evidence the combined medical assessments of the Plaintiff's doctors that the Plaintiff is unable to work.

Under the Plan, the Maitland office had the right o have medical documents submitted by the Plaintiff to be reviewed by a qualified medical doctor. The Defendant failed to have the documents reviewed by a doctor.

The Defendant also had the right under the Plan to have the Plaintiff submit to a medical evaluation. The Defendant failed to have the Plaintiff submit to a medical evaluation.

The Defendant, without any evidence in the record, claims that the position of underwriter is sedentary. The Plaintiff claims that the position is mentally and physically taxing and that Plaintiff in that position is under constant pressure and demand to call on customers and make sales. The Defendant knows these demands but fails to put the actual job requirements in the record.

It is clear that the Defendant did not fully consider the evidence before it. The Defendant chose to ignore each and every doctors opinion that the Plaintiff was suffering from a combination of medical conditions including depression, fatigue, back pain and chronic sternal pain that the Defendant knew was causing him to be unable to perform the ordinary and substantial duties of his occupation.

WHEREFORE, the Plaintiff respectfully requests that Plaintiff be granted summary judgment against the Defendant, Continental Casualty Company.

Respectfully Submitted,
Bimal Ghose,
By his Attorney,

Jeffrey C. LaPointe, Esquire
Law Office of George G. Burke
339 Hancock Street
Quincy, Massachusetts 02171
(617) 328-1300
BBO No.: 286420

Dated: December 30, 2004

## CERTIFICATE OF SERVICE

I, Jeffrey C. LaPointe, Esquire, hereby certify this 31st day of December 2004, I served a true copy of the within Plaintiff's Motion for Summary Judgment, Plaintiff's Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment, and Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment by first-class mail, postage pre-paid, upon the following:

    Allison C. Blakley, Esquire
    Dana B. Gruen, Esquire
    Sonnenschein Nath & Rosenthal, LLP
    8000 Sears Tower
    233 South Wacker Drive
    Chicago, Illinois 60606

    Jean M. Kelley, Esquire
    Morrison Mahoney, LLP
    115 Commonwealth Avenue
    Chestnut Hill, MA 02467

Signed under the Pains and Penalties of Perjury this 31st day of December, 2004,

                                                              Jeffrey C. LaPointe, Esquire