IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BIMAL GHOSE,<br>    Plaintiff,<br><br>vs.<br><br>CONTINENTAL CASUALTY<br>COMPANY,<br>    Defendant. | )<br>)<br>)<br>)   Civil Action No. 04-11044-RGS<br>)<br>)<br>)<br>) |

### PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF IT'S MOTION FOR SUMMARY JUDGMENT

The Plaintiff, Bimal Ghose, states that the following are undisputed:

1. The Plaintiff, Bimal Ghose, was employed as an Underwriting Specialist for the Defendant, Continental Casualty Company, and the Plaintiff had been employed by the Defendant since 1987 (Ghose 0233).

2. The Defendant, Continental Casualty Company (CNA) granted Plaintiff Short Term Disability (STD) benefits for a period of eight months—March 18, 2002 through November 12, 2002—following his cardiac bypass surgery (R.Ghose 0061-0230).

3. CNA removed the case to this Court asserting in part that this case presents a federal question, because CNA's short term disability plan is an employee welfare benefit plan within the meaning of the Employee Retirement Income Security Act, 29 U.S.C.§ 1002 ("ERISA").

4. The Defendant, CNA, has maintained an Integrated Disability Program that provides certain benefits for eligible employees and includes a non-contributory short term disability plan (the "Plan"). (*See* Plan, Exhibit 1; Ans. ¶ 6).

5. The Plan is governed by ERISA. Disability benefits under the Plan are administered and paid pursuant to a policy of insurance . (Ans. ¶ 6).

6. To be eligible for STD benefits under the Plan, an employee "must be receiving appropriate and regular Care from a legally qualified Doctor working within his or her area of expertise and furnish proof of your Disability upon request to Maitland.

1

7. Under the Plan, the terms Disabled or Disability means that:

   Injury or Sickness causes physical or mental impairment to such a degree of severity that you are:

   1. Continuously unable to perform the Material and Substantial duties of the covered Employee's Regular Occupation; and
   2. Not working for wages in any occupation for with the Employee is or becomes qualified by education, training or experience. (Plan, p.7).

8. An employee's Regular Occupation is "the occupation that the employee is performing for income wages on the employee's date of disability. On or about September 17, 2003, after being absent from work five (5) days, Plaintiff applied for STD benefits under the Plan. ( R. Ghose0232-0234).

9. Plaintiff requested STD benefits due to increased chest pain, back pain and fatigue as well as for depression (See Ghose 0232).

10. Plaintiff was first out of work after September 10, 2003 (Ghose 0310).

11. On September 11, 2003, Dr. So Fai Tsang, Plaintiff's internist through documents supplied to Defendant, stated that Plaintiff not work from September 12, 2003 through October 24, 2003 due to his medical condition. Dr. Tsang referenced his coronary bypass surgery in May 2002 and further stated that Plaintiff was suffering from chest wall pain and was also being seen by his cardiologist and a pain clinic specialist. (Ghose 0304-0306).

12. On September 12, 2003, Plaintiff informed CNA that he was also seeing a psychiatrist (Ghose 0303).

13. Medical records from Plaintiff's cardiologist, Dr. Patricia Come, dated September 17, 2003 through October 7, 2003, stating in part:

    [Plaintiff] had persistence of the baseline wall movement abnormalities post-stress but all other segments augmented normally. This baseline abnormality is not a new finding for him...He has continued to have significant sternal pain, which has limited his activities, but he is now interested in pursuing the question of rehab, and I have put in a referral to South Shore Hospital. We spent a lot of time today explaining what happened intra operatively and this is the reason for the wall movement

2

abnormalities, which appear to be identical to those experienced immediately post surgery. He also complains of some difficulty sitting with development of low back pain. His sternal discomfort is predominately present when he is doing activities such s driving, which leads to some stress on the sternal region. (R.Ghose 0287-0288).

14. An October 20, 2003 letter from Dr. Edward Michna of the Brigham and Women's Hopital Pain Management Center, stating that "I continue to see Mr. Ghose for his sternal pain s/p sternotomy. He continues to have pain and continues unable to return to work. This will be for an indefinite period. (R.Ghose 0271).

15. Physical therapy records from Harvard Vanguard Medical Associates for October 8, 10, 14 and 17, 2003, stating in part that Plaintiff was referred for "chronic sternal pain which he has had for 1 ½ years now following emergency [bypass surgery]." (R.Ghose 0272-0278).

16. An October 22, 2003 letter from Dr. Tsang stating:

    [Plaintiff] has been out of work from October 24, 2003 until December 24, 2003 due to chronic sternal pain after his emergency cardiac bypass surgery. Patient is unable to drive or sit still for more than one hour, therefore, unable to return to work. He is seeing pain specialist and on multiple medications for his pain control. (R.Ghose 0270).

17. Harvard Vanguard Medical notes indicate that Plaintiff's endurance for his activities had severely decreased and that Plaintiff was suffering from fatigue (R. Ghose 0281).

18. Plaintiff was required to take home work on Saturdays and Sundays to try to keep up with his workload as an underwriter due to his medical condition and the Defendant admitted he was not performing his substantial duties as an underwriter by placing him on a Performance Action Plan on September 4, 2003 (Ghose 0264).

19. A November 10, 2003 letter from Gouri Datta, M.D. stating:

    This is to state that Mr. Bimal Ghose is treated by me for Major Depression and Generalized Anxiety Disorder. In the last several weeks there has been a worsening of Mr. Ghose's symptoms of depression and

          anxiety for increase of his neuropathic chest pain and increased pressures at work. He has needed medicines (Zoloft and Ativan). It is recommended that Mr. Ghose not return to work for an indefinite period at this time till further stabilized.

20. A December 4, 2003 letter from Dr. Tsang stating that "[Plaintiff] will be out of work until January 15, 2004 due to his chronic sternal pain. I have advised him to be out of work until then and to continue on his physical therapy and pain management". (R.Ghose 0262).

21. Defendant did not dispute Plaintiff's need for treatment but denies his claim (Ghose 0255-0256).

22. The record submitted by the Defendant clearly is void of any indication that an Medical Doctor (MD) reviewed any of the medical records or that the Defendant asked the Plaintiff to submit to a medical evaluation.

23. The record provided by the Defendant indicates that the Maitland office never received from the Defendant and never asked the Defendant whether the Plaintiff was substantially performing his duties in a satisfactory manner due to his medical conditions.

WHEREFORE, Plaintiff requests this Honorable Court to grant Plaintiff summary judgment and deny Defendant's Motion for Summary Judgment.

                                              Respectfully Submitted,
                                              Bimal Ghose,
                                              By his Attorney,

                                              Jeffrey C. LaPointe, Esquire
                                              Law Office of George G. Burke
                                              339 Hancock Street
                                              Quincy, Massachusetts 02171
                                              (617) 328-1300
                                              BBO No.: 286420