IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BIMAL GHOSE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-11044-RGS |
| ) | |
| CONTINENTAL CASUALTY ) | |
| COMPANY ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

### GENERAL RESPONSE

In violation of Local Rule 56.1, Plaintiff's purported Statement of Undisputed Material Facts mischaracterizes the evidence and, in many cases, ignores substantial additional evidence on specific issues. In several instances, Plaintiff violated Local Rule 56.1 by omitting reference to any factual support. The format of Plaintiff's facts has led to confusion and difficulty in response. Defendant Continental Casualty Company ("Defendant" or "CNA") disputes Plaintiff's misleading and improper statement of facts.

### RESPONSES TO SPECIFIC STATEMENTS

1.  The Plaintiff, Bimal Ghose, was employed as an Underwriting Specialist for the Defendant, Continental Casualty Company, and the Plaintiff had been employed by the Defendant since 1987 (Ghose 0233).

    **Response:** CNA does not dispute this assertion.

2.  The Defendant, Continental Casualty Company (CNA) granted Plaintiff Short Term Disability (STD) benefits for a period of eight months - March 18, 2002 through November 12, 2002 - following his cardiac bypass surgery (R. Ghose 0061-0230).

    **Response:** CNA does not dispute this assertion.

3. CNA removed the case to this Court asserting in part that this case presents a federal questions, because CNA's short term disability plan is an employee welfare benefit plan within the meaning of the Employee Retirement Income Security Act, 29 U.S.C. §1002 ("ERISA").

**Response:** CNA does not dispute this assertion.

4. The Defendant, CNA, has maintained an Integrated Disability Program that provides certain benefits for eligible employees and includes a non-contributory short term disability plan (the "Plan"). (*See* Plan, Exhibit 1; Ans. ¶ 6).

**Response:** CNA does not dispute this assertion.

5. The Plan is governed by ERISA. Disability benefits under the Plan are administered and paid pursuant to a policy of insurance. (Ans. ¶ 6).

**Response:** CNA does not dispute this assertion.

6. To be eligible for STD benefits under the Plan, an employee "must be receiving appropriate and regular Care from a legally qualified Doctor working within his or her area of expertise and furnish proof of your disability upon request to Maitland.

**Response:** This paragraph does not provide page references to documentation in violation of Local Rule 56.1. Moreover, this statement is incomplete. Plaintiff failed to include, *inter alia*, the requirement that "Maitland must find the proof satisfactory for you to be eligible for STD benefits." CNA disputes this assertion as incomplete.

7. Under the Plan, the terms Disabled or Disability means that:

Injury or Sickness causes physical or mental impairment to such a degree of severity that you are:
  1. Continuously unable to perform the Material and Substantial duties of the covered Employee's Regular Occupation; and
  2. Not working for wages in any occupation for with the Employee is or becomes qualified by education, training or experience. (Plan, p. 7).

**Response:** CNA does not dispute this assertion.

8. An employee's Regular Occupation is "the occupation that the employee is performing for income wages on the employee's date of disability. On or about September 17, 2003, after being absent from work five (5) days, Plaintiff applied for STD benefits under the Plan. (R. Ghose 0232-0234).

- 2 -

**Response:** CNA disputes the form of this assertion. Plaintiff combines two unrelated facts and omits material clauses from the definition of "Regular Occupation". Moreover, Plaintiff does not include page references to the assertion in the first sentence thus violating Local Rule 56.1. "Regular Occupation" is not limited to the specific position the employee held with CNA. Plaintiff similarly omitted information regarding the employee's responsibility to ensure that his or her doctor(s) submit the necessary medical information to CNA to substantiate their claim. As a result, Plaintiff mischaracterized the facts by selectively omitting certain provisions of the Plan. Consequently, CNA disputes these allegations in so much as they represent incomplete factual assertions.

9. Plaintiff requested STD benefits due to increased chest pain, back pain and fatigue as well as for depression. (See Ghose 0232).

**Response:** CNA disputes this assertion in so much as Plaintiff requested benefits for depression, back pain and fatigue. Plaintiff mischaracterizes the facts as found in the initial claims form. Depression is listed as a corollary condition under the heading "Co-Morbidities", along with other conditions such as diabetes and hypercholesterolemia, which were not the bases of Plaintiff's benefits claim. Similarly, back pain and fatigue are listed under "current symptoms" and do not represent the condition or diagnosis warranting benefits. The claims form only states "post surgical chest pain" as the medical condition or diagnosis.

10. Plaintiff was first out of work after September 10, 2003. (Ghose 0310).

**Response:** CNA does not dispute this assertion, except to dispute the use of the word "first".

11. On September 11, 2003, Dr. So Fai Tsang, Plaintiff's internist through documents supplied to Defendant, stated that Plaintiff not work from September 12, 2003 through October 24, 2003 due to his medical condition. Dr. Tsang referenced his coronary bypass surgery in May

2002 and further stated that Plaintiff was suffering from chest wall pain and was also being seen by his cardiologist and a pain clinic specialist. (Ghose 0304-0306).

**Response:** CNA disputes this assertion as incomplete. Dr. Tsang expressly told the Committee that Plaintiff chose to stop working.

12. On September 12, 2003, Plaintiff informed CNA that he was also seeing a psychiatrist. (Ghose 0303).

**Response:** CNA disputes this allegation. On September 12, 2003, Plaintiff faxed a medical certification to CNA. Separate from the medical certification, in a note on the cover sheet of that fax, Plaintiff stated, amongst other things, "I was also out yesterday to see my psychiatrist for evaluation and as such could not contact you over the phone." Although this note makes reference to Plaintiff seeing a psychiatrist, it does not put CNA on notice on September 12, 2003, that Plaintiff was in fact seeing a psychiatrist for issues relating to his disability claim. CNA therefore disputes this assertion. CNA does not admit to knowing the reasons why Plaintiff sought psychiatric counseling.

13. Medical records from Plaintiff's cardiologist, Dr. Patricia Gome, dated September 17, 2003 through October 7, 2003, stating in part:

> [Plaintiff] had persistence of the baseline wall movement abnormalities post-stress but all other segments augmented normally. This baseline abnormality is not a new finding for him ...He has continued to have significant sternal pain, which has limited his activities, but he is now interested in pursuing the question of rehab, and I have put in a referral to South Shore Hospital. We spent a lot of time today explaining what happened intra operatively and this is the reason for the wall movement abnormalities, which appear to be identical to those experienced immediately post surgery. He also complains of some difficulty sitting with development of low back pain. His sternal discomfort is predominately present when he is doing activities such s (*sic*) driving, which leads to some stress on the sternal region. (R. Ghose 0287-0288).

**Response:** CNA does not dispute that the quotation is accurate. The quotation states that the baseline abnormality was not a new finding. Thus, Plaintiff's symptoms remained unchanged from the previous 11 months in which he worked satisfactorily for Defendant, confirming the Committees' conclusion.

14. An October 20, 2003 letter from Dr. Edward Michna of the Brigham and Women's Hopital (*sic*) Pain Management Center, stating that "I continue to see Mr. Ghose for his sternal pain s/p sternotomy. He continues to have pain and continues unable to return to work. This will be for an indefinite period. (R. Ghose 0271).

**Response:** CNA does not dispute that this is an accurate, albeit incomplete, quotation.

15. Physical therapy records from Harvard Vanguard Medical Associates for October 8, 10, 14 and 17, 2003 stating in part that Plaintiff was referred for "chronic sternal pain which he has had for 1 ½ years now following emergency [bypass surgery]." (R. Ghose 0270).

**Response:** CNA does not dispute that the quotation is accurate. The quotation states that Plaintiff had these symptoms for the past 1 ½ years, 11 months of which he performed satisfactory work for Defendant.

16. An October 22, 2003 letter from Dr. Tsang stating:

> [Plaintiff] has been out of work from October 24, 2003 until December 24, 2003 due to chronic sternal pain after his emergency cardiac bypass surgery. Patient is unable to drive or sit still for more than one hour, therefore, unable to return to work. He is seeing paid specialist (*sic*) and on multiple medications for his pain control. (R. Ghose 0270).

**Response:** CNA does not dispute the accuracy of the quotation.

17. Harvard Vanguard Medical notes indicate that Plaintiff's endurance for his activities had severely decreased and that Plaintiff was suffering from fatigue. (R. Ghose 0281).

**Response:** CNA disputes this assertion. The Harvard Vanguard Medical notes simply quote the symptoms Plaintiff claimed he suffered. It is not a medical opinion or diagnosis. Therefore CNA disputes that the quotation represents a medical diagnosis.

18.     Plaintiff was required to take home work on Saturdays and Sundays to try to keep up with his workload as an underwriter due to his medical condition and the Defendant admitted he was not performing his substantial duties as an underwriter by placing him on a Performance Action Plan on September 4, 2003 (Ghose 0264).

**Response:**     Plaintiff expressly represented in his materials presented to the Committee that he was performing his job adequately. That representation is not consistent with the factual allegation in ¶18. Nor was Plaintiff required to take work home.

19.     A November 10, 2003 letter from Gouri Datta, M.D. stating:

> This is to state that Mr. Bimal Ghose is treated by me for Major Depression and Generalized Anxiety Disorder. In the last several weeks there has been a worsening of Mr. Ghose's symptoms of depression and anxiety for increase of his neuropathic chest pain and increased pressures at work. He has needed medicines (Zoloft and Ativan). It is recommended that Mr. Ghose not return to work for an indefinite period at this time till further stabilized.

**Response:**     CNA does not dispute the accuracy of this quotation. CNA notes that this letter indicates that Plaintiff exhibited some signs of depression and anxiety, but Dr. Datta made no actual diagnosis to that effect. In fact, contrary to the Plan's requirement and as noted by the Appellate Committee, there was no medical evidence supporting Dr. Datta's statements.

20.     A December 4, 2003 letter from Dr. Tsang stating that "[Plaintiff] will be out of work until January 15, 2004 due to his chronic sternal pain. I have advised him to be out of work until then and to continue on his physical therapy and pain management". (R. Ghose 0262).

**Response:**     CNA does not dispute the accuracy of this quotation.

21.     Defendant did not dispute Plaintiff's need for treatment but denies his claim. (Ghose 0255-0256).

**Response:**     CNA disputes this assertion. Plaintiff omits the substance of Defendant's evaluation of Plaintiff's condition. Moreover, this statement represents a vague assertion of fact. People generally are treated for a variety of concerns and it does not necessarily lead to the conclusion that each individual receiving treatment should receive benefits. The Appellate Committee stated: "Again, we are not disputing Mr. Ghose's symptoms or need for treatment,

but we do not see evidence of a functional loss or impairment from a physical or mental aspect that would prevent him from performing the substantial and material duties of his regular occupation beyond September 9, 2003. Therefore, we find that the decision of November 6, 2003 remains as proper and correct based upon the evidence presented."

22. The record submitted by the Defendant clearly is void of any indication that an (sic) Medical Doctor (MD) reviewed any of the medical records or that the Defendant asked the Plaintiff to submit to a medical evaluation.

**Response:** CNA disputes the assertion that the claim was not reviewed by a medical professional. This assertion provides no reference to the documentation relied upon, violating Local Rule 56.1. Moreover, this assertion omits the fact that Resident Nurses reviewed the claims process.

23. The record provided by the Defendant indicates that the Maitland office never received from the Defendant and never asked the Defendant whether the Plaintiff was substantially performing his duties in a satisfactory manner due to his medical conditions.

**Response:** CNA disputes this assertion. This assertion provides no reference to the documentation in violation of Local Rule 56.1. In an e-mail from Plaintiff to CNA dated December 3, 2003, Plaintiff stated, "I admit that my job performance while not equal to my pre-surgery levels was still up to par." (R. Ghose 0264). Thus, the record contained an admission by the Plaintiff that he could perform his duties satisfactorily.

- 8 -

Respectfully submitted,

SONNENSCHEIN NATH & ROSENTHAL LLP

By: _____
One of the attorneys for Defendant
Continental Casualty Company

Jeffrey S. Goldman
SONNENSCHEIN NATH & ROSENTHAL LLP
8000 Sears Tower
233 S. Wacker Dr.
Chicago, Illinois 60606
(312) 876-8000
(312) 876-7934 (facsimile)
dgruen@sonnenschein.com

Jean M. Kelley BBO#265540
Morrison, Mahoney & Miller, LLP
115 Commonwealth Ave.
Chestnut Hill, Massachusetts 02467
(617) 964-0323
(617) 969-8737 (facsimile)
jeanmkelley@comcast.net