## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

BIMAL GHOSE,                          )
                                      )
            Plaintiff,                )
                                      )
      v.                              )    Civil Action No. 04-11044-RGS
                                      )
CONTINENTAL CASUALTY                  )
COMPANY                               )
                                      )
            Defendant.                )

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR
## SUMMARY JUDGMENT

Defendant Continental Casualty Company ("Defendant" or "CNA"), by and through its

attorneys, Sonnenschein Nath & Rosenthal LLP, and pursuant to Fed. R. Civ. P. 56 and Local

Rule 56.1, hereby responds to Plaintiff's Motion for Summary Judgment as follows:

### INTRODUCTION

In an attempt to avoid summary judgment, Plaintiff filed a cross-motion for summary

judgment on December 31, 2004; however, this motion (1) was belatedly filed in violation of this

Court's August 9, 2004 Order requiring parties to file their cross-motions for summary judgment

by November 15, 2004; and (2) failed to comply with the provisions of Local Rule 56.1

CNA's pending motion for summary judgment includes a statement of undisputed

material facts. Plaintiff's belated filing does not contradict the facts that provide the basis for

CNA's motion for summary judgment.

There is no dispute between the parties that the appropriate standard for the Court's

review in this ERISA case is whether CNA's decision, on the record then before it, was arbitrary

and capricious. As discussed in Defendant's Memorandum of Law in Support of its Motion for

Summary Judgment and as articulated below, CNA's decision was reasonable and supported by

the record. Consequently, this Court should deny Plaintiff's Motion for Summary Judgment and enter summary judgment in favor of Defendant.

## ARGUMENT

**I.    Plaintiff Filed His Motion for Summary Judgment Forty-Six Days Late, In Violation Of This Court's October 9, 2004 Order.**

Plaintiff filed his motion for summary judgment in excess of the time granted by this Court's October 9, 2004 Order. Plaintiff did not request leave of this Court for an extension of time. Nevertheless, Plaintiff filed his Motion for Summary Judgment on December 31, 2004 -- 46 days after the filing deadline.

**II.    Plaintiff Did Not Comply With Provisions of Local Rule 56.1 And Thereby Concedes to Defendant's Undisputed Statement Of The Facts In Support Of Its Motion For Summary Judgment.**

Plaintiff admits CNA's statement of facts. Under Local Rule 56.1, undisputed material facts which have not been challenged are deemed admitted. *See Stonkus v. City of Brockton Sch. Dep't.*, 322 F.3d 97, 102 (1st Cir. 2003).

Facts which are undisputed provide the basis for determining whether summary judgment is appropriate. *Id.* Although failing to submit a counterstatement of facts does not alone warrant summary judgment, it will be "difficult, though not impossible, for [Plaintiff] to forestall summary judgment because the record now favors [Defendant]." *McKenzie v. Potter*, No. 02-10727, 2004 U.S. Dist. LEXIS 17356 at *5 (Mass. Dist. Ct. Aug. 20 2004); *see also Kelly v. United States*, 924 F.2d 355, 358 (1st Cir. 1991) ("The decision to sit idly by and allow the summary judgment proponent to configure the record is likely to prove fraught with consequence.").

Defendant's undisputed material facts include the following provisions, thus deemed admitted by Plaintiff:

- As an Underwriting Specialist, Plaintiff worked full time, Monday through Friday, and his job consisted of approximately 85% sitting, working on computers and telephones and attending meetings. Approximately 20% of Plaintiff's job consisted of visiting agents. (Defendant's Statement of Material Facts ("DSF"), § I).

- Plaintiff underwent cardiac by-pass surgery in March 2002. <u>He returned to work in November 2002 and continued to work full-time until September 2003.</u> (DSF, § V)

Plaintiff also concedes to the following facts relied upon by the Committee in considering his request for benefits:

- According to his intake form, <u>prior to going out on leave, Plaintiff was performing all of his job duties</u>, with the exception of traveling to agents, but he had to bring work home with him because he could not complete it during work hours. Instead of driving himself to visit agents, Plaintiff was accepting rides from other people to do so. (DSF, § VI).

- <u>Plaintiff believed his job performance continued to meet CNA's expectations at the time he went off work.</u> Specifically, in an e-mail from Plaintiff to CNA dated December 3, 2003, Plaintiff stated, <u>"I admit that my job performance while not equal to my pre-surgery levels was still up to par."</u> (DSF, § VI).

- Medical records from Plaintiff's cardiologist, Dr. Patricia Come, dated September 17, 2003 through October 7, 2003, stating in part: [Plaintiff] had persistence of the baseline wall movement abnormalities post-stress but all other segments augmented normally. <u>This baseline abnormality is not a new finding for him</u> ... He has continued to have significant sternal pain, which has limited his activities, but he is now interested in pursuing the question of rehab, and I have put in a referral to South Shore Hospital. We spent a lot of time today explaining what happened intra operatively and this is the reason for the wall movement abnormalities, which appear to be identical to those experienced immediately post surgery. He also complains of some difficulty sitting with development of low back pain. His sternal discomfort is predominantly present when he is doing activities such as driving, which leads to some stress on the sternal region.

- Medical records from Dr. Tsang dated September 25, 2003 through October 7, 2003 stating in part: The patient is here for a follow up. <u>He has decided to stop working for the time being due to ongoing chest wall pain.</u> He has no exertional type of chest discomfort. <u>It is mainly very positional</u>, and in the chest wall there is no area of active ischemia according to his stress test. Currently, there is no area at risk [for coronary artery disease] which is good news. <u>He is interested in taking some time off</u> due to his multiple medical issues and continued severe pain. Would forward the paperwork here for me. (DSF § VII).

- Regarding Dr. Tsang's records, the Appellate Committee noted that "<u>Mr. Ghose had decided to stop working</u> for the time being due to ongoing chest wall pain," "the stress test of August 2003 did not show evidence of any active heart disease," and "<u>Blood pressure was noted to be high on physical examination, but all other findings were essentially benign</u>." (DSF § X).

Moreover, Plaintiff concedes to the conclusions formed by the Appellate Committee:

- Ultimately, however, the Appellate Committee concluded that: We are not disputing [Plaintiff's] complaints or need for treatment, but <u>the physical and diagnostic findings do not support a functional loss or impairment that would prevent him from working</u>. The findings were essentially benign and would not explain his inability to perform at a low level of physical exertion, such as associated with his occupation. (DSF § X).

- In closing, the Appellate Committee stated: Again, we are not disputing Mr. Ghose's symptoms or need for treatment, but <u>we do not see evidence of a functional loss or impairment from a physical or mental aspect that would prevent him from performing the substantial and material duties of his regular occupation</u> beyond September 9, 2003. Therefore, we find that the decision of November 6, 2003 remains as proper and correct based upon the evidence presented. We are sorry that out ruling could not be more favorable, but we must abide by the evidence and the disability plan provisions. This completes our review of Mr. Ghose's appeal. You have exhausted all administrative remedies. This decision is final and binding. (DSF § X).

Accordingly, Plaintiff concedes the following: (1) he performed his job duties for eleven months following his surgery; (2) his job performance met CNA's expectations; (3) at all times he believed his job performance to be "up to par"; (3) the decision to take "some time off" was made by Plaintiff, and not Plaintiff's doctor; (3) his symptoms were "mainly positional"; (4) his blood pressure was high but all other findings were benign; and (5) he did not have a functional loss or impairment preventing him from performing his job duties.

## III.    CNA's Decision to Deny Plaintiff's Claim for Short-Term Disability ("STD") Benefits Was Not Arbitrary And Capricious.

CNA fairly considered all of the evidence submitted to it, including Plaintiff's medical records, personal letters and e-mails. (*See* R. Ghose 0255-0257; 0267-0269, listing documentation considered in evaluating Plaintiff's claim for STD benefits). CNA also accounted for such things as Plaintiff's subjective feelings and the cognitive aspects of his

position. (*See* R. Ghose 0256); (Defendant's Memorandum of Law in Support of its Motion for Summary Judgment ("DML"), p. 6).

Plaintiff returned to work post-operatively and satisfactorily performed his job duties without incident for eleven months before claiming he was unable to work because of pain. (R. Ghose 0232) (DML, p.3). CNA's Maitland Disability Claims Unit and the Maitland Appeals Committee determined that Plaintiff had suffered no new condition or change in his condition as of September 2003 that would have prevented him from working as he had since November of the previous year. (R. Ghose 0264); (DML, p. 4).

Plaintiff erroneously suggests that Defendant must consider the extent of his psychiatric conditions. Plaintiff applied for STD benefits due to chest wall pain, not depression and anxiety, so, although it did so, CNA was not obligated to consider such evidence. (DML, p. 4). In Plaintiff's initial claim for benefits, depression was listed separate and apart from the "Medical Conditions or Diagnosis". Depression was listed under the heading "Co-Morbidities", along with other corollary conditions such as diabetes and hypercholesterolemia, which were not the bases for Plaintiff's claim. However so, CNA fairly considered the psychiatric evidence. Dr. Datta's November 10, 2003, letter indicates that Plaintiff exhibited some signs of depression and anxiety, but Dr. Datta made no actual diagnosis to that effect. (R. Ghose 0263); (DML, p.4). In fact, contrary to the Plan's requirement and as noted by the Appellate Committee, Dr. Datta did not provide any detailed mental status examinations or psychometric testing to substantiate his opinion. (R. Ghose 0256).

Plaintiff's symptoms were purely positional. CNA's standard for receiving benefits is not whether the employee is uncomfortable but whether the employee can perform the "material and substantial duties" of his occupation. (Plan, p.7). Plaintiff admitted his ability to perform his job duties and at all times believed his performance to be at least "up to par." (R. Ghose

0264); (DML, p. 4). Moreover, Defendant accommodated Plaintiff's "discomfort" by allowing Plaintiff to ride with other people when visiting his clients (a duty which occupied only 20% of his position) and suggesting that Plaintiff stand up and sit down at his computer as necessary. (R. Ghose 0315, 0318); (DML, p. 5 - 6).

Accordingly, CNA did not unreasonably or arbitrarily ignore any of the evidence presented. (*See* DML, p. 3-6).

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff has not met his burden of establishing a genuine issue of material fact on his underlying claim. Plaintiff admitted Defendant's statement of facts and Defendant's facts thereby provide the basis for determining whether summary judgment is appropriate. Therefore, Defendant respectfully requests that this Court grant summary judgment in its favor and dismiss Plaintiff's claim in its entirety.

Respectfully submitted,

SONNENSCHEIN NATH & ROSENTHAL LLP

By: _____
One of the attorneys for Defendant
Continental Casualty Company

Jeffrey S. Goldman
SONNENSCHEIN NATH & ROSENTHAL LLP
8000 Sears Tower
233 S. Wacker Dr.
Chicago, Illinois 60606
(312) 876-8000
(312) 876-7934 (facsimile)
dgruen@sonnenschein.com

Jean M. Kelley BBO#265540
Morrison, Mahoney & Miller, LLP
115 Commonwealth Ave.
Chestnut Hill, Massachusetts 02467
(617) 964-0323
(617) 969-8737 (facsimile)
jeanmkelley@comcast.net

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of January, 2005, I served a copy of the foregoing DEFENDANT CONTINENTAL CASUALTY COMPANY'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT and DEFENDANT CONTINENTAL CASUALTY COMPANY'S RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, by first-class mail, postage prepaid, upon the following:

Jeff LaPointe, Esq.
Law Office of George G. Burke
339 Hancock Street
Quincy, MA 02171

Jean M. Kelley