IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BIMAL GHOSE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-11044-RGS |
| ) | |
| CONTINENTAL CASUALTY ) | |
| COMPANY ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT CNA'S OPPOSITION TO
PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

Now comes defendant Continental Casualty Company ("CNA" or "the Company"), by its attorneys, and in opposition to Plaintiff's Motion for Attorney's Fees hereby states as follows:

**INTRODUCTION**

Plaintiff's Motion for Attorneys Fees, and his requests for and costs and interest contained therein, was filed nearly six (6) weeks after the entry of Final Judgment in this matter -- far beyond the 10 and 14 day limitations periods provided by FRCP 54(d)(2)(B) and 59(e). Accordingly, plaintiff's Motion is untimely and must be denied in its entirety.[1]

**BACKGROUND FACTS**

1.  Plaintiff, Bimal Ghose, a former employee of CNA, filed this action seeking to recoup Short Term Disability (STD) benefits, which he alleged were wrongfully denied by the Company.

2.  The parties filed cross motions for summary judgment in this matter, and on July 5, 2005, the Court granted Plaintiff's motion for summary judgment and denied Defendant's motion for summary judgment.

---

[1] Should the Court find that Plaintiff's Motion for Attorney's Fees is timely or should otherwise stand, CNA requests the right to file a substantive opposition to the Motion.

3.      On August 9, 2005, the Court entered the Final Judgment in this matter, finding that the amount of STD benefits at issue in this case is $22,347.01.  The Final Judgment was silent as to attorney's fees and interest.

4.      On or about September 16, 2005 -- nearly six (6) weeks (38 days) after this Court's entry of Final Judgment -- Plaintiff filed a Motion for Attorney's Fees.  Plaintiff seeks fees in the amount of $22,996.80.

5.      Within his Motion for Attorney's Fees, Plaintiff requests that this Court order CNA to pay him costs in the amount of $240.70 as well as interest on his STD payment.  Plaintiff does not calculate the interest sought by his Motion.  Rather, by affidavit attached to the Motion, Plaintiff's attorney requests this Court to compute the interest due.

## ANALYSIS

Plaintiff's Motion for Attorneys Fees, and his request for costs contained therein, must be denied as untimely as it was not filed within 14 days of the Final Judgment as provided by FRCP 54(d)(2)(B), which was adopted by the Local Rules of this Court.  Pursuant to FRCP 54(d)(2)(B) and FRCP 6(a), Plaintiff's motion for attorney's fees (and costs) was due no later than August 23, 2005.  Plaintiff did not file his motion until September 16, 2005.  As such, Plaintiff's motion is untimely and must be denied.  *See* FRCP 54(d)(2)(B); *Larocca et al. v. Borden, Inc.*, Civil Action No. 95-CV-12492-RGS; 2002 U.S. Dist. LEXIS 7241, *4 (D. Mass. April 4, 2004) (Stearns, D.J.) (denying motion for attorney's fees as untimely in ERISA case and stating "It is clear … that the 1993 Amendments to [Rule 54(d)(2)(B)] were intended to impose a strict statue of limitations …"); *Havinga et al. v. Crowley Towing and Transportation Co.*, 24 F.3d 1480, 1490 n. 20 (holding that motions for costs are governed by Rule 54(d)(2)(B)).

Likewise, Plaintiff's request for interest must also be denied as untimely as it was not filed within 10 days of the Final Judgment as provided by FRCP 59(e), which was adopted by

the Local Rules of this Court. Like his request for attorney's fees and costs, Plaintiff's request for interest was due on August 23, 2005. *See* FRCP 59(e) and FRCP 6(a). Again, Plaintiff did not seek interest until September 16, 2005, as part of his Motion for Attorney's Fees. Plaintiff's request for interest is therefore untimely. *See Crowe v. Bolduc*, 365 F.3d 86, 90 (First Circuit, 2004) (denying as untimely a motion for prejudgment interest); *Havinga,* 24 F.3d 1480, 1490 (denying as untimely a motion for interest and stating that "the ten-day time limitation under Rule 59(e) is jurisdictional").

WHEREFORE, Defendant CNA respectfully requests that this Court deny Plaintiff's Motion for Attorney's Fees, including Plaintiff's request for costs and interest contained therein.

                Respectfully submitted,

                By:___/s/sbolotin_____
                One of the Attorneys for Defendant Continental Casualty Company

Jeffrey S. Goldman
Dana B. Gruen
SONNENSCHEIN NATH & ROSENTHAL LLP
8000 Sears Tower
233 S. Wacker Dr.
Chicago, IL  60606
(312) 876-8000 (ph)
(312) 876-7934 (fax)

Scott Douglas Burke, BBO#551225
Steven J. Bolotin, BBO#564085
Morrison Mahoney LLP
250 Summer St.
Boston, Massachusetts 02210
(617) 439-7578 (ph)
(617) 342-4937 (fax)