UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11044- RGS

BIMAL GHOSE

v.

CONTINENTAL CASUALTY COMPANY

MEMORANDUM AND ORDER ON
PLAINTIFF'S MOTION FOR AN
AWARD OF ATTORNEY'S FEES AND COSTS

October 14, 2005

STEARNS, D.J.

An award of attorney's fees to a prevailing plaintiff or defendant in an ERISA action is permissible but "wholly discretionary." Cottrill v. Sparrow, Johnson & Ursills, Inc., 100 F.3d 220, 225 (1st Cir. 1996). See 29 U.S.C. § 1132(g)(1). While a plausible case might be made for an award to plaintiff in this case under the factors set out in Gray v. New England Tel. and Tel. Co., 792 F.2d 251, 257-258 (1st Cir. 1986),[1] Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure requires that a motion for fees and costs be filed within 14 days after judgment is entered (unless otherwise specified by statute or order of the court). Failure to make a timely filing or a timely request for an enlargement of the time in which to do so results in a waiver of any award of attorney's fees. Logue v. Dore, 103 F.3d 1040, 1047 (1st Cir. 1997). Here (regrettably from plaintiff's point of view), counsel

---

[1] The court would not, however, be inclined to find bad faith or culpability on defendant's part, one of the more influential of the factors recommending an award.

waited until 38 days after the entry of judgment to file the fee petition. Consequently, the motion must be <u>DENIED</u>.

                                                SO ORDERED.

                                                /s/ Richard G. Stearns

                                                _____
                                                UNITED STATES DISTRICT JUDGE